FILED _____ ENTERED
_____ LODGED _____ RECEIVED

DEC 17 2013

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

IN THE MATTER OF THE SEARCH OF
A TOSHIBA SATELLITE LAPTOP
COMPUTER, MODEL NUMBER: A215-
S7408, SERIAL NUMBER: 97124271Q

Case No. 13-2172 CBD

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, ATF Special Agent Michael L. Davis, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been in this position since February 2009. I am a graduate of both the fourteen week ATF Special Agent Basic Training Program, as well as the twelve week Criminal Investigator Training Program held at the Federal Law Enforcement Training Center in Glynco, Georgia. I am also a graduate of the twenty-four week Maryland State Police Academy in Pikesville, Maryland in 2000, and I have furthered my basic training by completing the ATF Advance Complex Investigations Training, ATF Firearms Trafficking Techniques Training, Prince George's County Maryland Police Department's Basic and Advanced Criminal Investigation Schools and MAGLOCLEN's Interview and Interrogation

Techniques course. Your affiant is currently assigned to the ATF Washington DC/Baltimore, Maryland, High Intensity Drug Trafficking Area Initiative ("HIDTA-STING").

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is a Toshiba Satellite Laptop Computer, Model Number: A215-S7408, Serial Number: 97124271Q, hereinafter the "**Device**." Up until September 10, 2013, the **Device** was located at the ATF Washington I evidence vault, located at 1401 H. Street NW, Suite 900, Washington D.C. 20005, ATF Case Number 768055-12-0044, Property Item Number 027. Currently, the **Device** is in your affiant's custody in the District of Maryland.

5. The applied-for warrant would authorize the forensic examination of the **Device** for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6. Your affiant's investigation of Sean Bradford CONTEE ("CONTEE") indicates that CONTEE is a narcotics trafficker /supplier operating within the District of Maryland. ATF investigators were able to introduce an undercover police officer — Prince George's County Police Department Detective Savoy ("UC") — to a narcotics trafficker named Michael Anthony Cooper ("Cooper") in order to arrange the purchase of crack cocaine. Through conversations purchases, and surveillance, the UC has determined that CONTEE is a dealer/supplier of crack cocaine, who is supplying Cooper with crack cocaine to distribute within the District of Maryland.



7.   Since on or about January 2013, investigators have utilized the UC to conduct controlled purchases of crack cocaine from Cooper in the District of Maryland. On each occasion, the UC contacted Cooper to arrange the purchase of crack cocaine by calling Cooper's cellular telephone. Following each of these phone calls, the UC met Cooper at a pre-determined location within the District of Maryland to exchange money for crack cocaine. Your affiant's investigation has revealed that CONTEE supplied the crack cocaine to Cooper.

8.   On January 18, 2013, the UC purchased from Michael Anthony Cooper 26.1 grams of a mixture or substance containing a detectable amount of crack cocaine in exchange for $1,200. On January 30, 2013, the UC purchased from Michael Anthony Cooper approximately 50.1 grams of a mixture or substance containing a detectable amount of crack cocaine in exchange for $2,400. On March 14, 2013, the UC purchased from Michael Anthony Cooper 51.6 grams of a mixture or substance containing a detectable amount of crack cocaine in exchange for $2,400. On April 03, 2013, the UC purchased from Michael Anthony Cooper 51.3 grams of a mixture or substance containing a detectable amount of crack cocaine in exchange for $2,400.

9.   On March 14, 2013, investigators observed Cooper meet with CONTEE both before and after Cooper sold crack cocaine to the UC. Similarly, on April 3, 2013, investigators also observed Cooper meet with CONTEE both before and after Cooper sold crack cocaine to the UC.

10.   On April 16, 2013, officers obtained a federal search warrant for CONTEE's residence located at 11311 Kettering Place, Prince George's County, Maryland 20774. On April 18, 2013, officers executed this federal search warrant.

11. As a result of searching CONTEE's residence located at 11311 Kettering Place, officers recovered, among other things, crack cocaine and the **Device**.

12. On May 8, 2013, the Grand Jury returned an indictment charging CONTEE with conspiring with Cooper and others to distribute and possess with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base (Count One); distributing cocaine base (Counts Two through Five); possessing with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base (Count Six); and possessing ammunition as a felon (Count Seven).

13. Your affiant believes that there is information on the **Device** that will assist your affiant's drug investigation.

14. The **Device** is currently in the lawful possession of the ATF. It came into the ATF's possession in the following way: the item was recovered from inside CONTEE's residence located at 11311 Kettering Place during the execution of the federal search warrant on April 18, 2013. Therefore, while ATF might already have all necessary authority to examine the **Device**, your affiant seeks this additional warrant out of an abundance of caution to be certain that an examination of the **Device** will comply with the Fourth Amendment and other applicable laws.

15. Up until September 10, 2013, the **Device** was located at the ATF Washington I evidence vault, located at 1401 H. Street NW, Suite 900, Washington D.C. 20005, ATF Case Number 768055-12-0044, Property Item Number 027. Currently, the **Device** is in your affiant's custody in the District of Maryland. In your affiant's training and experience, your affiant knows that the **Device** has been stored in a manner in which its contents are, to the extent

4

material to this investigation, in substantially the same state as they were when the **Device** first came into the possession of the ATF.

## TECHNICAL TERMS

16. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

   b. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the

5

Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

18. There is probable cause to believe that things that were once stored on the **Device** may still be stored there, for at least the following reasons:

   a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

   b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

   c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer

users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

    d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

19. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **Device** was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the **Device** because:

    a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Device** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose



many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

21.  *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.





## CONCLUSION

22. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **Device** described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

_____ #5079
Michael L. Davis
Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF)

Subscribed and sworn to before me
on September 9, 2013:

_____
UNITED STATES MAGISTRATE JUDGE

10

**ATTACHMENT A**

The property to be searched is a Toshiba Satellite Laptop Computer, Model Number: A215-S7408, Serial Number: 97124271Q, hereinafter the "**Device**." The **Device** is currently in your affiant's possession in the District of Maryland.

This warrant authorizes the forensic examination of the **Device** for the purpose of identifying the electronically stored information described in Attachment B.



# ATTACHMENT B

1. All records on the **Device** described in Attachment A that relate to violations of Title 21 U.S.C. §§ 846, 841(a)(1) and involve Sean Bradford CONTEE since January 1, 2013, including:

    a. Lists of customers and related identifying information;

    b. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    c. Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    d. Any information recording CONTEE's schedule or travel from January 17, 2013 to the present;

    e. All bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the **Device** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.